COURT OF APPEALS
DECISION
DATED AND FILED

January 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2105**

Cir. Ct. No. **2004CF573**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEREMY M. BLANK,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Winnebago County: SCOTT C. WOLDT, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Jeremy Blank appeals pro se from orders summarily denying his motions for postconviction relief and for reconsideration of that denial.  We hold Blank's due process rights were not violated and that the trial court properly exercised its discretion in not granting him an evidentiary hearing.

¶2     In 2004, a jury found Blank guilty of child enticement, attempted third-degree sexual assault, fourth-degree sexual assault, sex with a child age sixteen or older, exposing genitals to a child, intimidation of a victim, and bail jumping.  On the child-enticement conviction, for which Blank was sentenced as a repeat offender, the court imposed a term of ten years' initial confinement and ten years' extended supervision.  On the rest, the court withheld sentence in favor of a total of sixty months' probation consecutive to the prison sentence.

¶3     Before his sentencing in 2005, Blank underwent a psychosexual evaluation by Department of Corrections psychologist James Peterson. Dr. Peterson concluded that Blank met the diagnostic criteria for antisocial personality disorder.   At sentencing, the court noted that it believed Blank committed the offenses, that he had "little to no regard for the people on the receiving end of this," and that "what I read in the doctor's report quite frankly … does not surprise me in the least what the doctor says, that you are antisocial."

¶4     Blank was re-evaluated in 2016, this time by psychologist Daniel Neunaber.  Dr. Neunaber opined that Blank "appears to have some antisocial personality traits" but "at this point he does not meet the full criteria for antisocial personality disorder."

¶5    In 2018, Blank filed a WIS. STAT. § 974.06 (2017-18)[1] motion seeking resentencing. He alleged he was "misdiagnosed" in 2005 and thus was sentenced on "materially inaccurate information." Blank provided his own affidavit averring that Dr. Neunaber told him his "previous diagnosis of conduct disorder was not proper as it was done in a manner inconsistent with the prevailing professional norms," but did not provide either a copy of Dr. Neunaber's report or an affidavit from Dr. Neunaber bearing that out or stating that Dr. Neunaber believed Dr. Peterson's 2005 diagnosis was wrong and would testify accordingly.

¶6    The postconviction court concluded that the record conclusively showed that Blank was not entitled to relief and summarily denied the motion. Blank moved for reconsideration, seeking to amend his motion with Dr. Neunaber's report. The court also denied that motion without a hearing. Blank appeals.

¶7    On Blank's appeal, we must ascertain whether his WIS. STAT. § 974.06 motion for resentencing is sufficient to entitle him to an evidentiary hearing. We first must determine whether the motion on its face alleges sufficient facts that, if true, would entitle him to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. A postconviction motion requires more than conclusory allegations. *Id.*, ¶15. We review this question of law independently, based on the specific factual allegations and the record as a whole. *State v. Bentley*, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). If the record conclusively demonstrates that the defendant is not entitled to relief, the trial court has the discretion to grant or deny a hearing. *Allen*, 274 Wis. 2d 568, ¶9.

---

[1]  All references to the Wisconsin Statutes are to the 2017-18 version unless noted.

¶8      Blank contends his sentence was a due process violation because it resulted from the trial court's reliance on inaccurate information. "Whether a defendant has been denied this due process right is a constitutional issue that an appellate court reviews de novo." *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. A defendant is entitled to resentencing if the defendant shows both that the information at the original sentencing was inaccurate and that the court actually relied on the inaccurate information at sentencing. *Id.*, ¶26. To be sufficient for the court to meaningfully assess a postconviction motion, the motion must allege five "w's" and one "h"—who, what, where, when, why, and how. *Allen*, 274 Wis. 2d 568, ¶23.

¶9      Blank asserts that Dr. Peterson misdiagnosed him in 2005, but offers no *Allen* proof that such is the case. Except for his unsupported claim that antisocial personality disorder "is a life-long diagnosis," Blank offers nothing to establish that his diagnosis could not have changed in more than a decade. The Neunaber report does not challenge Dr. Peterson's conclusion from eleven years earlier, nor does it posit, as Blank would have us believe, that the Peterson report was "done in a manner inconsistent with the prevailing professional norms." Rather, the Neunaber report says only that "*at this point* [Blank] does not meet the full criteria for antisocial personality disorder." (Emphasis added.)

¶10     Even supposing the two psychologists in fact held contrary opinions, that by itself is not proof of error. Mental health professionals sometimes disagree on matters of diagnosis and treatment. *State v. Slagoski*, 2001 WI App 112, ¶11, 244 Wis. 2d 49, 629 N.W.2d 50. And even accepting for discussion's sake that Dr. Peterson did misdiagnose Blank and the court actually relied on that diagnosis at sentencing, the burden then shifts to the State to prove the error was harmless. *Tiepelman*, 291 Wis. 2d 179, ¶26. We are satisfied that it was.

¶11    While the court said it was not surprised that Dr. Peterson concluded that Blank met the criteria for antisocial personality disorder, it is clear to this court that what primarily informed Blank's sentence was not a diagnostic label but Blank's own course of conduct, his character, and his failure to take prior rehabilitation opportunities seriously. The sixteen-year-old victim and her family shared a residence with her cousin and Blank, the cousin's boyfriend. One night as the others slept, Blank entered her room and repeatedly fondled her breasts against her will. The girl asked Blank to drive her to a friend's house. En route, he touched her breasts again, put his hand down her pants, and stuck a finger in her vagina. After leaving the friend's residence and dropping off other people, the girl and Blank started for home, but Blank turned down a side street, turned off the car, forced her into the back of the van, exposed his penis, and forced it into her mouth. He then pulled down her pants and attempted to have sexual intercourse with her. He later told her that if she told anyone, he would kill her. The court reflected on Blank's criminal history, his lack of education, and that he does not support his several children. Regardless of the mention of "antisocial personality disorder," it is unlikely the court would have imposed a lighter sentence.

¶12    The record conclusively demonstrates that Blank's conclusory motion did not entitle him to resentencing. The court acted within its discretion when it denied his motion without a hearing.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

5